**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

TORNIKE ALAVIDZE, )
)
Petitioner )
)
v. )            Case No. 6:26-cv-03286-MBB
)
JIM C. ARNOTT, et al., )
)
Respondents. )

## <u>ORDER</u>

Petitioner Tornike Alavidze moves the Court for a Temporary Restraining Order (a "TRO") and a Preliminary Injunction. He asks the Court to enjoin Respondents from removing him from the United States. He also asks the Court to enjoin Respondents from transferring him outside the Western District of Missouri. Because Petitioner has not made a clear showing that he is likely to succeed on the merits, and because he has not demonstrated irreparable harm absent emergency relief, the motion is DENIED.

## **Background**

Petitioner, a Georgian citizen, entered the United States without inspection in 2022. (**Doc. 1**, p. 4). On December 31, 2022, DHS gave him a notice to appear, which identified him as an "alien present in the United States who has not been admitted or paroled." (**Doc. 2-3**, p. 2). DHS charged him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) and ordered him to appear before an immigration judge. (***Id.***). He filed an application for asylum. (**Doc. 2**, p. 2). And he obtained employment authorization and worked as a truck driver in the United States. (***Id.***). On April 28, 2026, ICE detained Petitioner without bond under 8 U.S.C. § 1225(b)(2)(A). (**Doc. 1**, p. 9). He remains detained. (**Doc. 1**, p. 2).

On May 14, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  (**Doc. 1**).  He argues that Respondents detained him under the wrong statute.  (*Id.* at p. 9).  He claims that his arrest on April 28, 2026 required notice and an individualized hearing.  (*Id.* at p. 10).  According to Petitioner, DHS's failure to provide such a hearing violated his Fifth Amendment right to procedural due process.  (*Id.* at pp. 10-12); (**Doc. 2**, p. 4).  Also on May 14, 2026, Petitioner filed a Motion for a TRO and a Preliminary Injunction to prevent his removal and transfer from the Western District of Missouri.  (**Doc. 2**).

## Discussion

"A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  A petitioner seeking preliminary relief must make a "clear showing that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Starbucks Corp. v. McKinney*, 602 U.S. 339, 346 (2024).  "[T]he probability of success factor is the most significant."  *Home Instead, Inc. v. Florance*, 721 F.3d 494, 497 (8th Cir. 2013).  But "[e]ven when a plaintiff has a strong claim on the merits, preliminary injunctive relief is improper absent a showing of a threat of irreparable harm."  *Roudachevski v. All-American Care Centers, Inc.*, 648 F.3d 701, 706 (8th Cir. 2011).

I.      **Petitioner has not shown a likelihood of success on the merits.**

Petitioner's due process claim fails because he has not been lawfully admitted to the United States.  As an "applicant for admission," "seeking admission," Section 1225(b)(2)(A) provides Petitioner constitutionally sufficient due process.

2

**A. Petitioner is properly detained without bond under 8 U.S.C. § 1225(b)(2)(A).**

Section 1225(b)(2)(A) says that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." **8 U.S.C. § 1225(b)(2)(A)**.

An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States." **8 U.S.C. § 1225(a)(1)**. "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country." *Avila v. Bondi*, 170 F.4th 1128, 1133 (8th Cir. 2026). "Lawful status and admission . . . are distinct concepts in immigration law: Establishing one does not necessarily establish the other." *Sanchez v. Mayorkas*, 593 U.S. 409, 415 (2021).

If an alien is an "applicant for admission," he is also "seeking admission." *Avila*, 170 F.4th at 1134 (holding that "the structure of § 1225(b)(2)(A) does not indicate that 'seeking admission' is a separate requirement for detention under the statute"). Accordingly, "an alien 'seeks admission' under the statute simply by being 'present in the United States' while having 'not been admitted.'" *Id.* at 1135 (citation omitted).

Petitioner, a Georgian citizen, entered the United States without inspection in 2022. He was released pending deportation proceedings and granted employment authorization. But he presents no evidence that he "made lawful entry into the country." *See Sanchez v. Mayorkas*, 593 U.S. 409, 415 (holding that an alien lawfully present in the United States had not been admitted); *Avila*, 170 F.4th at 1133. Petitioner is an "applicant for admission," "seeking admission" under Section 1225(b)(2)(A). And he presents no evidence that an immigration officer has determined that he is "clearly and beyond a doubt entitled to be admitted." *See* **8 U.S.C. § 1225(b)(2)(A)**.

3

**B. Petitioner's continued detention does not violate procedural due process because Respondents may detain removable aliens pending deportation hearings simply by reference to Section 1225(b)(2)(A).**

Petitioner's procedural due process claim fails because he is properly detained under Section 1225(b)(2)(A). Removable aliens like Petitioner may be detained pending deportation proceedings "simply by reference to the legislative scheme." *See **Baynee v. Garland***, 115 F.4th 928, 932 (8th Cir. 2024). *See also **Department of Homeland Security v. Thuraissigiam***, 591 U.S. 103, 140 (2020) (holding that an "applicant for admission" under Section 1225 "has only those rights regarding admission that Congress has provided by statute"). In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process. *See **Demore***, 538 U.S. at 531. The Court favorably cited Section 1226(c)'s limitation of detention pending removal. ***Id.*** at 527-29 (holding that detention pending removal proceedings is not indefinite). And in *Baynee*, the Eighth Circuit repudiated any need for a "multi-factor 'reasonableness' test" when evaluating the length of mandatory detention pending removal proceedings. ***Baynee***, 115 F.4th at 933. That court held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'" ***Id.***, *quoting **Demore***, 538 U.S. at 527.

True, freedom from imprisonment "lies at the heart of the liberty [the due process clause] protects." ***Zadvydas v. Davis***, 533 U.S. 678, 690 (2001). But detention during removal proceedings is "a constitutionally valid aspect of the deportation process." ***Demore***, 538 U.S. at 523-26 (holding that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings"). That is because "Congress may make rules as to aliens that would be unacceptable if applied to citizens." ***Id.*** at 522.

Petitioner is properly detained under Section 1225(b)(2)(A). Like the statute in *Demore*, Section 1225(b)(2)(A) requires detention pending removal proceedings. Petitioner concedes that

4

he is being detained pending removal proceedings.  He presents no evidence that Respondents are detaining him for any other reason.  Because Section 1225(b)(2)(A) requires mandatory detention of deportable aliens pending removal proceedings, procedural due process requires no more.  *See Baynee*, 115 F.4th at 932.

## II. Petitioner has not shown a threat of irreparable harm.

"To succeed in demonstrating a threat of irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief."  *Roudachevski*, 648 F.3d at 706 (internal quotation marks omitted).  "Speculative harm does not support a preliminary injunction."  *S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.*, 696 F.3d 771, 779 (8th Cir. 2012).

Petitioner claims that removal "at this stage" would "create a substantial risk of mootness and deprive this Court of the ability to grant effective relief."  (**Doc. 2**, p. 4).  And transfer from the Western District of Missouri would "effectively nullify the relief sought," interfere with Petitioner's access to counsel, and render the pending habeas petition moot.  (*Id.* at pp. 3-4).  But Petitioner presents no evidence that his removal is "certain" and of "such imminence" to justify emergency relief.  *See Roudachevski*, 648 F.3d at 706.  And he presents no evidence that Respondents have even contemplated his transfer from the Western District of Missouri.  Petitioner alleges speculative harm.  That is not enough.  *See S.J.W.*, 696 F.3d at 779.

Because Petitioner has not shown a likelihood of success on the merits or irreparable harm, the Court need not address the remaining factors.  *See id.* (declining to address remaining factors where neither likelihood of success nor irreparable harm supported injunctive relief).

5

**Conclusion**

Petitioner has failed to show a likelihood of success on the merits of his habeas petition. And he has failed to show irreparable harm absent emergency relief. The Motion for a TRO and a Preliminary Injunction is DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated:  May 18, 2026

6